IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                            Criminal No. 3:99CR297

BEVERLY A. CLAIBORNE, JR.

**MEMORANDUM OPINION**

Beverly A. Claiborne was found guilty of "conspiracy to distribute cocaine base and heroin; five counts of possession with intent to distribute cocaine base; distribution of heroin; murder in aid of racketeering activity; use and carry of a firearm during a crime of violence; and murder during a crime of drug trafficking." United States v. Claiborne, 36 F. App'x 73, 73 (4th Cir. 2002). On November 19, 2001, Claiborne was sentenced to life imprisonment plus sixty (60) months.[1] (ECF No. 237, at 2.) On May 31, 2002, the United States Court of Appeals for the Fourth Circuit affirmed his convictions and sentences. Claiborne, 36 F. App'x at 74.

On May 23, 2003, Claiborne filed his first motion under 28 U.S.C. § 2255. (ECF No. 296.) On June 1, 2005, this Court

---

[1] Claiborne received life sentences for murder in aid of racketeering activity, murder during a drug trafficking crime, and conspiracy to distribute cocaine base and heroin. (ECF No. 237, at 2.) He was sentenced to two-hundred forty (240) months for distribution of heroin and four-hundred eighty (480) months for each of his convictions for possession of cocaine base with intent to distribute. (Id.) The foregoing sentences were run concurrently. (Id.) Claiborne also received a sixty (60) month consecutive sentence for use and carry of a firearm during a crime of violence. (Id.)

denied that motion. (ECF Nos. 323, 324.) On February 13, 2006, the Fourth Circuit dismissed Claiborne's appeal from the denial of said motion. Claiborne v. United States, 166 F. App'x 92, 93 (4th Cir. 2006). On June 15, 2012, Claiborne filed a second § 2255 motion. (ECF. No. 383.) On August 20, 2012, this Court dismissed Claiborne's second § 2255 motion for lack of jurisdiction. (ECF No. 387.)

In May of 2016, the Claiborne filed a request for the appointment of counsel to assist him seeking relief in light of Johnson v. United States, 135 S. Ct. 2551 (2015), and a Motion for Modification or Reduction of Sentence pursuant to 18 U.S.C. § 3582 (his second such motion). (ECF Nos. 406, 407.) On June 6, 2016, by Memorandum Order, this Court denied Claiborne's request for appointment of counsel without prejudice and notified him that a § 2255 motion "provides the primary means of collateral attack on a federal sentence." (ECF No. 411, at 1.) The Court also advised Claiborne about the need to obtain prior authorization from the Fourth Circuit before filing a successive § 2255 motion. (Id. at 2.)

On or about June 20, 2016, Claiborne requested to withdraw his § 3582 motion. (ECF No. 413.) In the Motion to Withdraw, Claiborne stated: "I feel like I would not be eligible for a [sentence] reduction due to the murder cross-reference that was applied in my sentence." (Id. at 1.) This Court subsequently granted Claiborne's motion to withdraw. (ECF No. 419.)

2

On July 15, 2016, approximately one month after Claiborne moved to withdraw his § 3582 motion, a panel of the Fourth Circuit granted Claiborne authorization to file a successive § 2255 motion on the grounds that Johnson had introduced "a new rule of constitutional law," which was "held to apply retroactively to cases on collateral review by Welch v. United States, 136 S. Ct. 1257 (2016)." (ECF No. 414, at 1.)

On July 19, 2016, rather than file a § 2255 motion, as had been suggested to him by this Court, and authorized by the Fourth Circuit, Claiborne filed another request for the appointment of counsel. (ECF No. 416.) On May 4, 2017, the Court denied that motion. (ECF No. 426). In so doing, the Court observed that Johnson addressed the constitutionality of the "residual clause" of the Armed Career Criminal Act of 1984 (the "ACCA"), codified at 18 U.S.C. 924(e)(2)(B), and found it lacking. (Id. at 1-2.) The Court concluded that because Claiborne had not been sentenced under the "residual clause" of the ACCA, he had not shown that an evidentiary hearing would be needed, or that the appointment of counsel would be appropriate. (Id. at 2-3.)

Following the denial of his request for counsel, Claiborne still did not file a § 2255 motion. Instead, on or about June 12, 2017, Claiborne submitted a letter to the Court requesting that the Court resentence him to a "just sentence," relying upon what

has come to be known as the "Holloway Doctrine."[2] (ECF No. 427.) Because the facts of Claiborne's case were readily distinguishable from the facts of the Holloway case, and because "every district court within this Circuit which ha[d] addressed the issue ha[d] declined to apply Holloway to reduce a defendant's sentence," the Court denied Claiborne's request to resentence him on August 16, 2017. (ECF No. 428, at 4-5 (citations omitted).)

Over the intervening years, Claiborne has continued to send letters and motions to the Court, including a motion under the First Step Act (ECF No. 436), and a motion for Compassionate Release (ECF No. 448), which are both presently pending before the Court. However, in the almost four years since the Fourth Circuit authorized Claiborne to file a successive § 2255 motion to explore what implications, if any, the Johnson decision may have on his case, Claiborne has refrained from filing any such a motion.

On or about June 11, 2020, Claiborne submitted his third putative § 2255 motion, (ECF No. 455), and a related motion to appoint counsel (ECF No. 454). This latest motion is deficient for a number of reasons. Most obviously, Claiborne did not submit his motion on the appropriate form utilized by this Court for § 2255 motions. Ordinarily, the Court would allow Claiborne an opportunity to correct this issue, however, there is a larger issue

---

[2] See, e.g., United States v. Holloway, 68 F. Supp. 3d 310 (E.D.N.Y. 2014).

4

at play, which necessitates dismissal of Claiborne's putative motion in any event.

In his putative third § 2255 Motion, Claibore appears to challenge his life sentence for murder in aid of a racketeering activity under 18 U.S.C. § 1959(a)(1).[3] (ECF No. 455, at 2-3.) While his argument is not entirely clear, it seems that Claiborne believes he received a life sentence under 18 U.S.C. § 1959(a)(1) because he was convicted of first-degree murder, when he should have been convicted of second-degree murder. (Id. at 3.) Second-degree murder, Claiborne posits, "fails to qualify as a crime of violence" following the Supreme Court's recent decision in United States v. Davis, 139 S.Ct. 2319 (2019). (Id.) Thus, he concludes, without providing any explanation, his life sentence under 18 U.S.C. § 1959(a)(1) violates his due process rights. (Id.)

Claiborne's analysis is rife with problems. However, before the Court can address any of those issues, it must satisfy itself that jurisdiction exists to entertain this latest motion. Upon closer inspection, the Court concludes that it does not.

Even if the Court were to assume, arguendo, that the Fourth Circuit's four-year old grant of authorization for Claiborne to file a successive § 2255 motion has not been rendered stale by the passage of time, or legally forfeited through laches, abandonment, or some other legal doctrine, and that his claims are not now

---

[3] Curiously, Claiborne does challenge his concurrent life sentences for murder during a drug trafficking crime under 18 U.S.C. § 924(j), and conspiracy under 21 U.S.C. § 846.

barred by the statute of limitations, the grant of authorization was limited by its terms. Claiborne was allowed to file a successive motion related to the Supreme Court's then-recent pronouncement in Johnson, which had been made retroactive by Welch.

Claiborne's current motion is devoid of any reference to Johnson or Welch. Johnson declared the "residual clause" of the ACCA unconstitutional. Claiborne was not sentenced under this authority, nor does his current motion make any reference to the ACCA. Instead, the main thrust of his argument seems to challenge one of his multiple life sentences for murder in aid of a racketeering activity under 18 U.S.C. § 1959(a)(1). Johnson did not even mention this statute, much less call into question its constitutional footing.

Claiborne's reference to Supreme Court's 2019 decision in Davis likewise is insufficient to bring his putative motion within the scope of the authorization to file a successive § 2255 motion granted to him by the Fourth Circuit in 2016. Davis was decided approximately three years after the Fourth Circuit granted Claiborne authorization to file a successive § 2255 motion. As such, it would have been impossible for the Fourth Circuit to have contemplated the holding of Davis as a basis for their authorization.[4]

---

[4] Further, it is unclear at this time whether the rule announced in Davis has retroactive effect. 139 S.Ct. at 2354 (Kavanaugh, J., dissenting) ("And who knows whether the ruling will be made retroactive.)

6

It is also worth noting that in <u>Davis</u>, the Supreme Court invalidated the "residual clause," of 18 U.S.C. § 924(c), codified at 18 U.S.C. § 924(c)(3)(B), declaring it to be unconstitutional. 139 S.Ct. at 2336. However, on its face, Claiborne's putative motion does not challenge a conviction or sentence under § 924(c). Rather, Claiborne attacks his sentence for his murder in aid of a racketeering activity conviction under 18 U.S.C. § 1959(a)(1). As was the case in <u>Johnson</u>, the Supreme Court in <u>Davis</u> did not even mention 18 U.S.C. § 1959(a)(1), much less call into questions its continued constitutional validity.

In any event, assuming the Fourth Circuit's four-year old authorization for Claiborne to file a successive § 2255 may still be valid, and his motion is not otherwise barred by the statute of limitations, Claiborne's current putative motion falls outside the scope of that 2016 authorization. As such, it constitutes an unauthorized successive § 2255 motion, which the Court lacks jurisdiction to hear, and must be dismissed. 28 U.S.C. § 2244(b)(4) ("A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.")

As Claiborne has been advised on prior occasions, before this Court may consider a "successive application" for relief under § 2255, he must "move in the appropriate court of appeals for an order authorizing the district court to consider the application."

7

28 U.S.C. § 2244(b)(3)(A); see also Felker v. Turpin, 518 U.S. 651, 657 (1996) (The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism").

Because the Fourth Circuit has not authorized this Court to entertain Claiborne's third putative § 2255 Motion, that Motion (ECF No. 455) will be dismissed for want of jurisdiction. The related motion to appoint counsel (ECF No. 454) will be denied without prejudice. The Court will deny a certificate of appealability.

The Clerk is directed to send a copy of the Memorandum Order to Claiborne and counsel of record.

It is so ORDERED.

/s/ *[signature]*
Robert E. Payne
Senior United States District Judge

Date: August 11, 2020
Richmond, Virginia